JULIA FULMORE v. ST. PAUL CITY RAILWAY COMPANY.

June 6, 1898.

Nos. 10,960—(74).

**Street Railway—Injury to Passenger—Verdict Sustained by Evidence—Damages.**

Evidence considered, and *held* that it supports the verdict, and that the damages awarded are not so excessive as to justify the conclusion that they were given under the influence of passion or prejudice.

**Same—Medical Expert—Opinion Based on Examination.**

A medical expert gave an opinion in this case, and, on his cross-examination, testified that his opinion was based entirely upon his examination of the plaintiff, and what was elicited during the examination from her. *Held,* on the evidence, that the trial court did not err in refusing to strike out his opinion.

Appeal by defendant from orders of the district court for Ramsey county, O. B. Lewis, J., denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Munn & Thygeson,* for appellant.

The court erred in declining to strike out the testimony that the motorman started his car when he was given a signal to stop. The

only purpose and object of such testimony was to show an incompetent and unfit servant. It was clearly prejudicial as tending to enhance the damages. Testimony of the unfitness of a servant is introduced sometimes for the purpose of recovering even punitive damages. It must then be shown that the master had knowledge of such incompetency. Hutchinson, Car. § 536. In this case there was no evidence of notice to or knowledge by defendant of the motorman's unfitness, and this testimony was, therefore, not competent on that subject. It was admitted for that purpose in the case of Cleghorn v. New York Central, 56 N. Y. 44. Evidence of incompetency naturally tends to enhance damages. Fay v. Davidson, 13 Minn. 491 (523); Baltimore & O. R. Co. v. Colvin, 118 Pa. St. 230; Warner v. New York Central, 44 N. Y. 465. The court erred in refusing to strike out the testimony of Dr. Lufkin as to his opinion that there was possibly injury to the structure underneath the ribs, possibly the liver. Dr. Lufkin was not called for the purpose of treatment, but for the purpose of preparing himself for trial. His testimony was based on the unsworn statement of the plaintiff outside of court. The testimony of the physician under those circumstances is based upon the most unreliable of hearsay testimony, and for that reason his opinion should have been excluded. Stewart v. Everts, 76 Wis. 35; Abbot v. Heath, 84 Wis. 314; Illinois C. R. Co. v. Sutton, 42 Ill. 438; Roosa v. Boston L. Co., 132 Mass. 439; Heald v. Thing, 45 Me. 392; Quaife v. Chicago & N. W. R. Co., 48 Wis. 513; Kreuziger v. Chicago & N. W. R. Co., 73 Wis. 158; Rowland v. Philadelphia & B. R. Co., 63 Conn. 415; Davidson v. Cornell, 132 N. Y. 228; Jones v. Portland, 88 Mich. 598; Grand Rapids & I. R. Co. v. Huntley, 38 Mich. 537; Darrigan v. New York & N. E. R. Co., 52 Conn. 285; A., T. & S. F. R. Co. v. Frazier, 27 Kan. 463; Miller v. St. Paul C. R. Co., 62 Minn. 216; Williams v. Great Northern Ry. Co., 68 Minn. 55.

*Samuel A. Anderson* and *C. D. O'Brien*, for respondent.

START, C. J.

The plaintiff was a passenger on one of the defendant's cars, which collided with a freight train of a steam railway, and this action was brought to recover for injuries which she claimed to

72 M.—29

have sustained in the collision by reason of the negligence of the defendant's motorman on the car. Verdict for the plaintiff for $2,750, and the defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

1. The negligence of the motorman is practically conceded, but the defendant claims that the evidence did not show that such negligence was the cause of plaintiff's injury. There is little or no direct evidence on the point, but the circumstantial evidence is not only sufficient to sustain the verdict on this point, but it is substantially conclusive. Many men have been rightly convicted of felonies on less satisfactory evidence.

2. A witness for the plaintiff, who was on the car at the time of the injury, testified that he noticed that the motorman, when he got a bell to stop, would turn on the electricity instead of turning it off, and then turn it back again; that he noticed this several times. The defendant moved to strike out the evidence, as immaterial and not connected with the accident. The motion was denied, and exception taken. On his cross-examination the witness stated that it was a long way from the crossing at which the collision occurred; that he observed the motorman turn on the current when he got a bell to stop, but that it was on the same trip, and that he observed it at different times before the crossing was reached. The motion to strike out the evidence was renewed, and there was the same ruling and exception as before. This ruling is assigned as error.

At the time this evidence was given, the negligence of the motorman in managing the car was at issue. The plaintiff had introduced evidence tending to prove such negligence, in that he failed seasonably to stop the car so as to avoid the collision with the freight train. The evidence objected to was not as to the general incompetency of the motorman, or that he had been negligent on a previous occasion, but it was as to his management of the car as he drove it on towards the crossing. In these respects it would seem that the case may be distinguished from Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166, and other cases relied on by the defendant. But without so deciding it is clear that,

if the refusal to strike out the evidence was erroneous, it was not reversible error; for the negligence of the motorman was conclusively established, independent of this evidence, and the jury instructed that the case was not one for exemplary damages.

3. Upon the trial the plaintiff called a physician and surgeon, Dr. Lufkin, who had made a physical examination of her, so as to qualify him to testify as an expert. In answer to a question calling for his opinion as to her injury, he answered, without objection, as follows: "My opinion is that there was possibly injury to the structures underneath the ribs, possibly the liver, the covering of the liver." The defendant claims that it was made to appear by his cross-examination that this opinion was based on hearsay statements, and that the court erred in denying its motion to strike it out.

The witness testified in chief that he knew nothing of his patient, save what was before him, and had no history of the case whatever, and that he made the examination before he asked about the cause of any injury, for fear of being prejudiced. On the cross-examination he testified that he arrived at his conclusion upon his examination of the plaintiff, and the facts stated by her; and, further, "my opinion was arrived at entirely through my own examination, and what I elicited during that examination from the patient." The record fails to disclose that upon the examination the doctor elicited from the patient any fact or statement as to any past·event, or as to her injury or past condition, or any fact not proper to be considered by him, in connection with the examination, in reaching a conclusion. The cross-examination did not go far enough to make this appear. It was not error for the court to refuse to strike out the evidence.

4. The last matter to be considered is the question of damages. The expert evidence is conflicting as to the extent of plaintiff's injury. Drs. Whitney and Dinwoodie, called by the plaintiff, testified in substance that her tenth rib was torn loose from the cartilage, and that there also seemed to be some injury to the rib above; that the injury to the rib has healed, but that neuralgia of the tenth intercostal nerve had resulted; and they gave it as their opinion that she will never be as well as before the injury,

and that she will always have a weak side. No definite opinion was expressed as to the probability of the neuralgia being permanent. The opinion of the third and last expert called by the plaintiff, Dr. Lufkin, we have already quoted. He also expressed the opinion that the injury had left trouble behind it of a severe character. The defendant called Drs. Wheaton and Ritchie, who had examined the plaintiff; and they severally testified to the effect that they were unable to find any evidence of abnormal conditions in the plaintiff's side or chest, or that there had been a separation of the rib from the cartilage.

The testimony of the plaintiff and her family tended to show that she was strong and healthy before the injury, and never had had any trouble with her side; that, when she regained consciousness after the collision in which she was injured, her leg was bruised and lame, and her side felt as if it had been crushed; that she walked to the Fair Grounds after the accident,—half a mile away, —but became sick and dizzy, and was taken home, and was under the care of her physician for two weeks; that it was five weeks before the separation healed; that she still suffers frequent and severe pains, and is unable to do washing, sweeping, sewing, or any other work which she was accustomed to do before the injury, except light household work. This was her physical condition as testified to by herself and others at the time of the trial of this action, some nine months after the injury. She was 35 years old at that time, and the mother of six children.

The evidence on the part of the plaintiff as to her injuries was sufficient, if satisfactory to the jury, to sustain a finding that she will never wholly recover from the physical effects of the injury, and that as long as she lives she must endure more or less pain, and that she has been partially incapacitated thereby for life's work and duty. The fact that at the time of the trial, some months after her wound had healed, her physical condition was such as claimed increases the probability that the effect of the injury will be, to some extent at least, permanent. While we are not wholly satisfied with the verdict, and believe that the ends of justice would have been better served if the damages had been assessed in an amount at least one-fourth less than they were, still the evidence

does not justify the conclusion that the damages were given under the influence of passion or prejudice, and we have no right to substitute our judgment for that of the jury.

Order affirmed.